ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
DANIELLE R. GABAI (State Bar No. 339242)
*DGabai@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Plaintiff Brad D. Krasnoff, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>BRIAN DOUGLAS SMITH,<br><br>    Debtor. | Case No. 2:22-bk-15719-BR<br><br>Chapter 7 |
| BRAD D. KRASNOFF, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>  vs.<br><br>CONNIE L. SMITH, an individual,<br><br>    Defendant. | Adv. No.:<br><br>**CHAPTER 7 TRUSTEE'S COMPLAINT TO AVOID AND RECOVER VOIDABLE TRANSFER; TO IMPOSE CONSTRUCTIVE TRUST; TO IMPOSE AN EQUITABLE LIEN; AND FOR UNJUST ENRICHMENT**<br><br>Date:    [SEE SUMMONS]<br>Time:    [SEE SUMMONS]<br>Crtrm.:  [SEE SUMMONS] |

      Plaintiff Brad D. Krasnoff, solely in his capacity as the Chapter 7 trustee (the "Trustee" or "Plaintiff") of the bankruptcy estate of Brian Douglas Smith (the "debtor"), alleges as follows:

/ / /

/ / /

17710716.5  2215719A                         1

## JURISDICTION AND CASE BACKGROUND

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This action is commenced pursuant to 11 U.S.C. §§ 544, 548 and 550, and other applicable law. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O). This action arises in and/or under a case under Chapter 7 of title 11 of the United States Code entitled In re Brian Douglas Smith, which has been assigned number 2:22-bk-15719-BR and is pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division (the "bankruptcy case"). The Court can and should enter a final judgment herein. Plaintiff consents to the entry in this action of final orders or judgment by the Bankruptcy Court.

## THE PARTIES

2. Plaintiff is the Chapter 7 trustee for the debtor's bankruptcy estate. Plaintiff brings this adversary proceeding solely in his capacity as the Chapter 7 Trustee for the debtor's bankruptcy estate.

3. Plaintiff is informed and believes, and based thereon alleges, that Connie L. Smith ("Connie Smith" or "Defendant") is an individual residing in Shelby County, State of Ohio. Plaintiff is further informed and believes, and based thereon alleges, that defendant Connie Smith is the former spouse of the debtor.

## GENERAL ALLEGATIONS

4. Plaintiff is informed and believes, and based thereon alleges, that on or about November 9, 1995, the debtor and Connie Smith (the "Smiths") were married in Troy, Ohio.

5. Plaintiff is informed and believes, and based thereon alleges, that the debtor was on title as joint tenants with Connie Smith during their marriage to a parcel of real property located at 9185 West Mason Road, Sidney, Shelby County, Ohio (the "West Mason Property").

6. In or around June 2021, Connie Smith commenced an action to dissolve their marriage in the Shelby County Common Pleas Court of Ohio, case no. 21DV00080 (the "Divorce Case").

17107716.5  2215719A

2

7. On or about July 28, 2021, a Judgment Entry Decree of Divorce was entered in the Divorce Case (the "Divorce Decree") which terminated their marriage.

8. Between July and October 2021, the debtor transferred his 50% interest in the West Mason Property by quitclaim deed to Connie Smith (the "Subject Transfer").

9. Plaintiff is informed and believes, and based thereon alleges, that on or about October 12, 2021, Connie Smith sold the West Mason Property to a third party for $374,900.

10. Plaintiff is informed and believes, and based thereon alleges, that Connie used the sale proceeds to purchase a parcel of real property located at 311 Karen Avenue, Sidney, Shelby County, Ohio (the "Karen Property").

11. By a grant deed recorded in Shelby County on or about October 25, 2021, as instrument no. 202107424, Connie Smith took title to the Karen Property.

12. On or about October 20, 2022 (the "petition date"), the debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Code"), case no. 2:22-bk-15719-BR (the "bankruptcy case").

13. Brad D. Krasnoff was subsequently appointed as the Chapter 7 trustee for the debtor's estate and continues to serve in that capacity for the benefit of creditors.

14. Plaintiff is informed and believes, and based thereon alleges, that there exists in this case one or more creditors holding unsecured claims that are allowable under § 502 of the Code or that are not allowable only under § 502(e) of the Code, which could have avoided Subject Transfer under applicable law.

**FIRST CLAIM FOR RELIEF**

(To Avoid and Recover Voidable Transfer)

15. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 14, inclusive, hereof as though fully set forth herein.

16. Plaintiff is informed and believes, and based thereon alleges, that the Subject Transfer transferred an interest of the debtor in property to or for the benefit of Connie Smith.

17710716.5  2215719A    3

17. Plaintiff is informed and believes, and based thereon alleges, that the debtor made the Subject Transfer with the actual intent to hinder, delay or defraud one or more of his creditors.

18. Pursuant to 11 U.S.C. §§ 544 and 548, California Civil Code § 3439.04(a), and other applicable law, Plaintiff is entitled to avoid the Subject Transfer.

19. Pursuant to § 550 of the Bankruptcy Code, Plaintiff may recover from Connie Smith the value of the debtor's 50% interest in the West Mason Property, in the sum of $187,450, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfer.

## SECOND CLAIM FOR RELIEF

(To Avoid and Recover Voidable Transfer)

20. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 14, inclusive, hereof as though fully set forth herein.

21. Plaintiff is informed and believes, and based thereon alleges, that the debtor received less than reasonably equivalent value in exchange for the Subject Transfer.

22. Plaintiff is informed and believes, and based thereon alleges, that at the time the Subject Transfer was made, the debtor was either insolvent or became insolvent as a result of the Subject Transfer.

23. Pursuant to 11 U.S.C. §§ 544 and 548, California Civil Code § 3439.05, and other applicable law, Plaintiff is entitled to avoid the Subject Transfer.

24. Pursuant to § 550 of the Bankruptcy Code, Plaintiff may recover from Connie Smith the value of the debtor's 50% interest in the West Mason Property, in the sum of $187,450, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfer.

## THIRD CLAIM FOR RELIEF

(To Avoid and Recover Voidable Transfer)

25. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 14, inclusive, hereof, and Paragraph 21, as though fully set forth herein.

17710716.5  2215719A                                  4

26. Plaintiff is informed and believes, and based thereon alleges, that at the time of the Subject Transfer, the debtor was engaged, or was about to engage, in business or a transaction or transactions for which his remaining assets were an unreasonably small capital.

27. Pursuant to Sections 544 and 548 of the Bankruptcy Code, California Civil Code California Civil Code § 3439.04(b)(1), and other applicable law, Plaintiff is entitled to avoid the Subject Transfer.

28. Pursuant to § 550 of the Bankruptcy Code, Plaintiff may recover from Connie Smith the value of the debtor's 50% interest in the West Mason Property, in the sum of $187,450, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfer.

## FOURTH CLAIM FOR RELIEF

(To Avoid and Recover Voidable Transfer)

29. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 14, inclusive, hereof, and Paragraph 21, as though fully set forth herein.

30. Plaintiff is informed and believes, and based thereon alleges, that the debtor intended to incur, or believed or reasonably should have believed, that he would incur debts that would be beyond his ability to pay as such debts matured.

31. Pursuant to 11 U.S.C. §§ 544 and 548, California Civil Code § 3439.04(b)(2), and other applicable law, Plaintiff is entitled to avoid the Subject Transfer.

32. Pursuant to § 550 of the Bankruptcy Code, Plaintiff may recover from Connie Smith the value of the debtor's 50% interest in the West Mason Property, in the sum of $187,450, plus interest thereon at the maximum legal rate from and after the date of the Subject Transfer.

## FIFTH CLAIM FOR RELIEF

(For Imposition of Constructive Trust)

33. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 32, inclusive, hereof, as though fully set forth herein.

34. Plaintiff is informed and believes, and based thereon alleges, that at all times herein, the Subject Transfer transferred an interest of the debtor in property by fraud, accident, mistake, undue influence, the violation of a trust or other wrongful act, including without limitation, constructive and fraudulent transfer, to or for the benefit of Connie Smith.

35. Plaintiff is informed and believes, and based thereon alleges, that Connie Smith purports to hold title to the Karen Property, which she acquired with the sale proceeds of the West Mason Property.

36. Plaintiff is informed and believes, and thereon alleges that to the extent Connie Smith holds said title, it is as a constructive trustee, in part, for the benefit of the debtor and the Trustee. Plaintiff is entitled to a decree holding that Connie holds the Karen Property, in part, in constructive trust for the Trustee.

**SIXTH CLAIM FOR RELIEF**

(For Imposition of Equitable Lien)

37. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 36, inclusive, hereof, as though fully set forth herein.

38. Based upon the above-mentioned conduct, Plaintiff is entitled to impress upon the Karen Property an equitable lien in the sum of $187,450 to prevent unjust enrichment, to do justice in equity, and to prevent unfair results.

**SEVENTH CLAIM FOR RELIEF**

(For Unjust Enrichment)

39. Plaintiff refers to and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 38, inclusive, hereof, as though fully set forth herein.

40. As a result of the Subject Transfer, Defendant received a benefit and unjustly retained that benefit at the expense of the debtor and creditors, in an amount to be proved at trial.

/ / /

/ / /

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

1. For a judgment in favor of Plaintiff and against the Defendant avoiding the Subject Transfer;

2. For a judgment in favor of Plaintiff and against the Defendant awarding Plaintiff the value of debtor's interest in the sale proceeds of the West Mason Property, in the sum of $187,450;

3. For a declaration that Defendant holds title to the Karen Property, in part, as a trustee of a constructive trust for the benefit of Plaintiff and the debtor's estate from which Plaintiff may recover;

4. To impose an equitable lien on the Karen Property in the sum of $187,450;

5. For an order compelling Defendant to pay Plaintiff the value of the debtor's interest in the proceeds of the sale of the West Mason Property;

6. For an award of interest at the legal rate on all sums awarded to Plaintiff from the date of the Subject Transfer;

7. For costs of suit; and

8. For such further relief that the Court deems just and proper.

DATED: May 25, 2023        DANNING, GILL, ISRAEL & KRASNOFF, LLP

By: /s/ Danielle R. Gabai
DANIELLE R. GABAI
Attorneys for Plaintiff Brad D. Krasnoff, Chapter 7 Trustee

1710716.5  2215719A                            7

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Brad D. Krasnoff, Chapter 7 Trustee | **DEFENDANTS**<br>CONNIE L. SMITH, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067<br>Telephone: (310) 277-0077 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Avoid and Recover Voidable Transfers pursuant to 11 U.S.C. §§ 544, 548 and 550; to impose constructive trust and equitable lien; and for unjust enrichment.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

Imposition of Constructive Trust and Equitable Lien; and for Unjust Enrichment

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>BRIAN DOUGLAS SMITH | BANKRUPTCY CASE NO.<br>2:22-bk-15719-BR | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles Division | NAME OF JUDGE<br>BARRY RUSSELL |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ D. Gabai* | | |
| DATE<br>May 25, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>DANIELLE R. GABAI | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.